# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| THAD WHITE, on behalf of himself and other similarly situated, | ) ) ) ) ) | CASE NO. 5:18-cv-1460 |
| PLAINTIFFS, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| PREMIER PALLET AND RECYCLING, INC., | ) ) ) ) ) | |
| DEFENDANT. | ) | |

On September 18, 2018, the parties participated in a mediation before Magistrate Judge George J. Limbert, at which the parties agreed on a settlement resolving plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (Minutes of Proceedings, dated 9/18/18.) Now before the Court is the parties' Joint Proposed Stipulated Order for Approval of Settlement and Dismissal with Prejudice (Doc. No. 17), supported by the Declaration of Hans. A. Nilges, filed under seal with leave of Court (Doc. No. 19). Because the Court finds that the settlement represents a fair resolution of plaintiffs' FLSA claim, the joint motion is granted and the settlement is approved.

## I. BACKGROUND

Plaintiff Thad White filed a collective action complaint against defendant Premier Pallet and Recycling, Inc., alleging that defendant violated the FLSA by failing to pay overtime to him and other similarly-situated current and former piece-rate employees. (Doc. No. 1.) Plaintiff

Jerry Toole opted-in to become a plaintiff class member. (Doc. No. 3-1.) In its answer, defendant denied that plaintiffs were entitled to any additional wages, and denied that it violated the FLSA. (Doc. No. 6.)

On September 18, 2018, at a mediation before Magistrate Judge George J. Limbert, the parties reached a settlement. They now ask the Court to approve their settlement.

## II.  APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov't*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to § 216(b) of the FLSA. *Id.*

## III.    ANALYSIS

In reviewing the settlement of a plaintiffs' FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; and, (5) the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Further, in collective actions, the Court should consider the opinion of counsel and collective representatives and the reaction of absent collective members. *Id.*

### A.    <u>Settlement Terms</u>

At the outset, the Court finds that the divergent views of the facts and the law presented bona fide disputes that, had the parties not reached a settlement, would have necessitated resolution by the Court and/or a jury. Further, having reviewed the terms of the settlement *in camera*, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes.

1. <u>Risk of fraud or collusion</u>

The first factor favors approving the settlement agreement. In assessing settlement agreements, "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *UAW v. Gen. Motors Corp.*, No. 05-CV-73991, 2006 WL 891151, at *21 (E.D. Mich. Mar. 31, 2006). Here, there is no evidence of fraud or collusion in the settlement agreement. The interests of the class members and defendant are fundamentally adverse. Moreover, the settlement agreement was the result of an arms-length negotiation facilitated with the assistance of Magistrate Judge George J. Limbert.

2. <u>Complexity, expense, and likely duration of the litigation</u>

The second factor favors approving the settlement agreement. No class action is simple. In litigating this case, the parties would likely engage in extensive discovery pertaining to documents and witnesses. The settlement agreement will prevent further litigation and discovery expenses.

3. <u>Amount of discovery engaged in by the parties</u>

The third factor also favors approving the settlement agreement. "Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003) (quoting *Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983)). Although the parties have not engaged in extensive formal discovery, both parties conducted a thorough investigation of the facts, exchanged and analyzed wage data, and discussed disagreements at the mediation that resulted in their settlement.

### 4. Public interest

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem*, 218 F.R.D. at 530 (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). Likewise, the public interest is served by enforcing the FLSA. Arguably, class actions are the only effective means to enforcing the FLSA because individual actions are unlikely. Therefore, the public interest factor weighs in favor of approving the settlement agreement.

### 5. Likelihood of success on the merits

The Court is not in a position to assess plaintiffs' likelihood of success on the merits as significant discovery was still underway at the time of settlement, but the other factors strongly favor approving the settlement agreement as fair, reasonable, and adequate.

### 6. Opinion of class counsel

Further, class counsel is abled and experienced in FLSA collective actions, litigating over one hundred wage cases since February 2014. (Doc. No. 19 at ¶ 6.) Class counsel endorses the proposed settlement and "believe[s] that the proposed [s]ettlement is in the best interests of the [p]laintiff" and that the settlement is a "fair, adequate and reasonable compromise of disputed claims." (Doc. No. 19 at ¶¶ 14–15.) As such, this factor weighs in favor of approving the settlement agreement.

In light of the aforementioned factors, the Court finds the settlement agreement fair, reasonable, and adequate.

**B.**     **Attorney's Fees**

The FLSA provides that "[t]he court in [a collective action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "An award of attorney's fees under § 216(b) is mandatory," *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 367 (6th Cir. 2014), "but the awarded amount is within the discretion of the court." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co., Inc.*, 732 F.2d 495, 501 (6th Cir. 1984).

An award is reasonable if it is "adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors . . . examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *Local 307*, 732 F.2d at 501. "[T]he purpose of § 216(b) is to [e]nsure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances; '[o]bviously Congress intended that the wronged employee should receive his full wages . . . without incurring any expense for legal fees or costs.'" *Id.* at 502.

The Court finds that the award of attorney's fees to plaintiffs' counsel, which is supported by a declaration by counsel, is reasonable, taking into consideration the course of proceedings and the successful outcome on behalf of the members of the collective. Moreover, the Court notes that the attorney's fee award amount aligns with the amounts awarded in other

FLSA collective action cases in the Sixth Circuit. *See, e.g.*, *Houston et al. v. Progressive Cas. Ins. Co.,* 1:15-cv-01853-PAG (June 9, 2016); *Mulloy et al. v. Cuyahoga Cty.*, No. 1:14-cv-02546-DCN (N.D. Ohio May 17, 2016); *Braucher, et al. v. Atlas R.R. Constr., LLC*, No. 5:14-cv-01601-BYP (N.D Ohio May 29, 2015).

### C.     <u>Service Awards</u>

The settlement agreement also provides for a service award for each plaintiff representative. Such awards are not uncommon, and "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the litigation." *Dillsworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (quoting *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000)). Both plaintiff White and plaintiff Toole played an active role in assisting class counsel. As such, the Court approves the modest service awards to the representative plaintiffs in recognition of their service in this action.

**IV. CONCLUSION**

For all of the foregoing reasons, the Court approves the settlement agreement, including the award of attorneys' fees, as it represents a fair and reasonable resolution of bona fide disputes of federal law. The Court directs that the Confidential Settlement Agreement and Release supplied *in camera* to the Court be filed under seal as an attachment to this Memorandum Opinion and Order. All claims in this lawsuit are dismissed with prejudice, with each party to bear costs, expenses, and fees as per the terms of the settlement agreement. The Court retains jurisdiction over this action to enforce the terms of the settlement.

**IT IS SO ORDERED**.

Dated: October 10, 2018

_____
**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**